Vincent PONA et al., Plaintiffs,

v.

BRUCE TERMINEX, INCORPORATED,
a corporation, Defendant.

No. 79–1473C(B).

United States District Court,
E. D. Missouri, E. D.

Dec. 8, 1980.

Richard D. Mills, St. Louis, Mo., for plaintiffs.

Frank E. Wallemann, St. Louis, Mo., for defendant.

MEMORANDUM

REGAN, District Judge.

This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover overtime compensation, plus an equal amount designated by the Act as liquidated damages plus reasonable attorney's fees. We have jurisdiction over the subject matter.

During the relevant period, December 10, 1977 to October 1, 1978, defendant corpora-

tion, Bruce Terminex, Inc., operated a pest control business in St. Louis, Missouri. This corporation (1) was engaged in commerce and (2) was an employer within the meaning of the FLSA. Plaintiffs (who are employees under the FLSA) are all drivers who perform services for Bruce Terminex, Inc. This suit arises as a result of defendant's alleged requirement that plaintiffs report to work at 7:30 A.M., one-half hour prior to their normal eight hour starting time, and defendant's failure to compensate plaintiffs for said overtime hours.

Section 207(a)(2)(C), 29 U.S.C., provides that "(n)o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, and who in such workweek is brought within the purview of this subsection by the amendments made to this Act by the Fair Labor Standards Amendments of 1966 ... for a workweek longer than forty hours ... unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Furthermore, section 216(b), 29 U.S.C., provides that any employer who violates section 207 is liable to the employees affected in the amount of their unpaid overtime compensation and "in an additional equal amount as liquidated damages."

■ Plaintiffs contend that the management of defendant corporation violated section 207, as set out *supra*, by ordering its servicemen to report to work by 7:30 A.M. According to plaintiffs, they were told to arrive one-half hour early so that they would be able to load the pest control trucks with the necessary chemicals prior to leaving the Bruce Terminex garage at 8:00 A.M. Defendant corporation, on the other hand, argues that the procedure of commencing work at 7:30 A.M. was not a company requirement. Both the president and vice-president of Bruce Terminex, Inc. testified at trial that plaintiffs arrived early for their own convenience (to avoid rush-hour

traffic). We disagree with defendant, and find that the management of Bruce Terminex, Inc. did require plaintiffs to be on duty at 7:30 each morning, and so violated section 207. Thus, defendant owes overtime compensation to plaintiffs.

The only questions remaining for disposal are the method of computing actual damages and what if any damages over and above compensatory are to be allowed.

■ Actual damages under section 216(b) can easily be computed for each plaintiff by multiplying one and one-half *times* each individual's stipulated regular hourly rate *times* one-half hour per day *times* five days per week *times* the number of weeks the individual worked during the December 10, 1977 to October 1, 1978 time period. Thus, plaintiffs Vincent Pona, Vernon Hasenflug, Louis Conrad and Thomas Mooney (all of whom earned $5.99 per hour and worked 41 weeks) are each entitled to $920.45 in actual damages. Plaintiff Frank Conrad ($6.83 per hour and 40 weeks) is entitled to $1,029.00.

■ Liquidated damages in the amount of the compensatory damages can also be recovered by an employee under section 216(b). The granting of liquidated damages is mandatory except where the employer shows to the satisfaction of the Court that his act or omission was in good faith and was based on reasonable grounds for believing that he was not violating the Act. 29 U.S.C. § 260. In the case at bar, we are satisfied that defendant corporation made such a showing. Therefore, no liquidated damages will be awarded to plaintiffs.

The foregoing memorandum constitutes our findings of fact and conclusions of law. Judgment for plaintiffs will be entered in accordance herewith. A hearing to determine the amount of attorney's fees is to be hereafter held.